[Cite as *In re N.H.*, 2025-Ohio-167.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

|  |  |  |
|---|---|---|
| IN RE N.H. | : | |
| | : | No. 113883 |
| A Minor Child | : | |
| | : | |
| [Appeal by the State of Ohio] | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** January 23, 2025

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-23-111222

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Gregory J. Ochocki, Assistant Prosecuting
Attorney, *for appellant.*

Edward F. Borkowski, Jr., *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Plaintiff-appellant State of Ohio appeals the Cuyahoga County Juvenile Court's (the "juvenile court") finding that N.H. is not subject to mandatory bindover. Based on our review of the record, we reverse the decision of the juvenile court and remand for further proceedings consistent with this opinion.

## Factual and Procedural History

{¶ 2} On September 29, 2023, the State filed a complaint in juvenile court alleging that on August 31, 2023, N.H. committed six counts, including aggravated robbery, robbery, and kidnapping ("DL 23-111222"). The State filed both a motion seeking discretionary bindover to relinquish jurisdiction to the general division and a notice of mandatory bindover.

{¶ 3} On October 18, 2023, the State filed a second complaint against N.H. alleging that he had participated in a similar set of offenses on August 17, 2023 ("DL 23-111891"). The State again filed for both discretionary and mandatory bindover.

{¶ 4} The trial court conducted a preliminary hearing on December 11, 2023, consolidating both cases. The trial court found probable cause in both cases that N.H. had committed the offenses, including one- and three-year firearm specifications, denied the State's request for mandatory bindover on each case, and scheduled the cases for an amenability hearing. On December 20, 2023, the juvenile court conducted another hearing. At that time, the court determined that it had erred when it failed to grant the State's motion for mandatory bindover on DL 23-111891. However, although the facts of the two cases are almost identical, the juvenile court maintained that it retained jurisdiction over N.H. in DL 23-111222 because of the complicity statute.

{¶ 5} The State filed a motion on April 1, 2024, renewing its request for mandatory bindover. The juvenile court denied the motion. The State subsequently

filed leave to appeal the decision that this court granted.  The State's sole assignment of error is as follows:

## Assignment of Error

The trial court erred as a matter of law when it retained jurisdiction over a juvenile after finding probable cause to believe they committed aggravated robbery, probable cause to support both one- and three-year firearm specifications, and probable cause to believe the juvenile was sixteen years old at the time of the offense(s).

## Law and Analysis

## Standard of Review

{¶ 6}  This court reviews a juvenile court's decision regarding a mandatory bindover proceeding as a mixed question of law and fact.  *In re A.J.S.*, 2008-Ohio-5307, ¶ 51.  As such, we give deference to the trial court's determinations regarding the credibility of the witnesses but review de novo the legal conclusion of whether the State presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the acts charged.  *Id.*

{¶ 7}  Where a juvenile court determines that a child, who is sixteen or seventeen years of age at the time of the act, has committed a category-two offense, e.g., aggravated robbery in violation of R.C. 2911.01, the court is required to bindover the child to adult court if

(a) The child previously was adjudicated a delinquent child for committing an act that is a category one or a category two offense and was committed to the legal custody of the department of youth services on the basis of that adjudication.

(b) The child is alleged to have had a firearm on or about the child's person or under the child's control while committing the act charged and to have displayed the firearm, brandished the firearm, indicated

possession of the firearm, or used the firearm to facilitate the commission of the act charged.

R.C. 2152.10(A)(2)(a) and (b); R.C. 2152.12(A)(1)(b)(i) and (ii).

{¶ 8} "Mandatory transfer . . . removes discretion from judges and requires the transfer of a juvenile to adult court in certain situations." *State v. Nicholas*, 2022-Ohio-4276, ¶ 3.

{¶ 9} The State establishes probable cause in a bindover proceeding by presenting credible evidence as to each element of the offense. *State v. Iacona*, 93 Ohio St.3d 83, 93 (2001). This requires production of "evidence that raises more than a mere suspicion of guilt, but need not provide evidence proving guilt beyond a reasonable doubt." *Id.* The State is not required to disprove alternate theories of the case or to present all of its evidence at the probable cause hearing. *In re E.S.*, 2023-Ohio-4273, ¶ 23, citing *In re A.J.S.*, 2008-Ohio-5307, ¶ 61, citing *Iacona* at 96 and *State v. Martin,* 2022-Ohio-4175, ¶ 30. Additionally, while the juvenile court's assessment of the credibility of the State's evidence is entitled to deference in this court, we are mindful that the juvenile court must not exceed the limited scope of a bindover hearing or usurp the role of the ultimate trier of fact. *Id.* at ¶ 24, quoting *Martin* at ¶ 23. The juvenile court is limited to "'determining whether the state presented sufficient credible evidence of probable cause.'" *Id.* at ¶ 24, quoting *Martin* at ¶ 24.

{¶ 10} In the instant case, the juvenile court found that there was probable cause that N.H. was sixteen years old and committed acts that would be a crime if

committed by an adult, including aggravated robbery, two counts of robbery, kidnapping, each with a one- and three-year firearm specifications. Dec. 11, 2023, and Dec. 20, 2023 Journal Entries.

{¶ 11} The sole issue in this case is whether the State met its burden under the mandatory bindover statutes by establishing probable cause that N.H. had a firearm on or about his person or under his control during the commission of these offenses, and whether he displayed, brandished, indicated possession of, or used the firearm to facilitate the offenses. It is well settled that 2152.10(A)(2)(b) the mandatory bindover provisions do not apply "unless the child, himself or herself, had a firearm on or about the child's person or under the child's control while committing the act charged and the child displayed the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." *State v. Hanning*, 89 Ohio St.3d 86, 94 (2000) referencing former R.C. 2151.26(B)(4)(b).

{¶ 12} During the probable cause hearing, video evidence was presented showing N.H. wearing a gray hoodie and wielding a tan firearm. N.H. was identified by a family member who was shown still photos taken from the video surveillance cameras. The video also showed N.H. pressing the weapon against the victim's body several times. Both detectives identified the tan weapon as a firearm in the video, though they both acknowledged that realistic replicas exist.

{¶ 13} Furthermore, although there were two accomplices, one of whom also wielded a firearm, the State did not pursue a complicity theory in this case. The

State argued throughout that N.H. was wielding a firearm. The tan firearm was not recovered. Police did recover the black weapon that was tested and found to be an operable firearm. Based on the foregoing, the State presented sufficient evidence to meet the low bar of probable cause that N.H. committed an aggravated robbery while in possession of a firearm and used it to facilitate the offense.

{¶ 14} Appellee argues that the juvenile court simply gave credence to evidence that the tan firearm was not an actual gun, but a toy. The detectives made contact with N.H.'s mother, T.C., shortly after the incident. At that time, T.C. suggested the weapons were probably toys, because her children play with toys. Two accomplices were identified; both of them were T.C.'s other children. Several weeks after the police had concluded the investigation, T.C. contacted the detective and sent him a picture of a tan $CO_2$ gun suggesting it was the weapon used. The detective did not pursue this evidence due to the time that elapsed between the offense, and he had no way to tie that weapon to the specific offense.

{¶ 15} Regardless, the juvenile court does not act as the ultimate trier of fact at a probable cause hearing, it merely determines whether the State has presented sufficient evidence to establish probable cause that the child committed the alleged offenses. *In re E.S.*, 2023-Ohio-4273, ¶ 24. There was sufficient evidence in the record to establish that N.H. had a firearm on his person, brandished it, and used it in the commission of the offense. Accordingly, the juvenile court went beyond the scope of its review when it found the State failed to establish probable cause for mandatory bindover.

{¶ 16} Judgment reversed. We remand to the juvenile court for further proceeding consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

EMANUELLA D. GROVES, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR